# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERTA SERAFINE, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| CREDIT ACCEPTANCE | ) **JURY TRIAL** |
| CORPORATION, | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| Defendant | ) |

## COMPLAINT

ROBERTA SERAFINE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT ACCEPTANCE CORPORATION ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C . § 227 *et. seq.* ("TCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.    Plaintiff is a natural person residing in Fairless Hills, Pennsylvania 19030.

6.    Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.    Defendant is a national debt collection company with its corporate headquarters located at 25505 West Twelve Mile Road, Southfield, Michigan 48034.

9.    Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

2

11.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.    At all relevant times herein, Defendant was attempting to collect a debt and contacted Plaintiff in its attempts to collect that debt.

13.    The debt at issue, an auto loan, arose out of transactions primarily for personal, family, or household purposes.

14.    Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by her, could only have arisen from a financial obligation primarily for personal family, or household purposes.

15.    Plaintiff has a cellular telephone number that she has had for more than one year.

16.    Plaintiff has only used this number as a cellular telephone number.

17.    The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

18.    Beginning in or around late June 2015, Defendant repeatedly and continuously contacted Plaintiff on her cellular telephone in its attempts to collect the aforementioned debt.

PLAINTIFF'S COMPLAINT

19.   Upon information and belief, when contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automated message.

20.   Defendant's automated messages would state; "To make a payment press one (1). To notify us that you have made a payment, Press two (2)."

21.   Defendant's telephone calls to Plaintiff's cellular telephone were not made for "emergency purposes."

22.   When the calls began in late June 2015, Plaintiff spoke to one of Defendant's collectors and advised them to cease all telecommunication to her cellular number.

23.   Defendant, despite the above, continued to call at a sustained frequency of four (4) times each day and more than twenty (20) collection calls each month.

24.   In its communications with Plaintiff, Defendant was argumentative with her, after her telling them that she was not going to pay, saying, "what do you mean that you are not going to pay," "what do you mean by that," "that's your obligation," and "you have to pay for that."

25.   In addition, when Plaintiff hung up the phone, Defendant would immediately call her back, having the intent to further annoy and harass her.

26.   Finally, within five (5) days of its initial communication with

4

Plaintiff, Defendant failed to send written notification of her rights to dispute the debt and/or to request verification of the debt, the amount of the debt, and the name of the original creditor.

27.    Defendant's actions as described herein, were taken with intent to annoy, abuse, and harass Plaintiff in connection with the collection of a debt.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

28.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a.    A debt collector violates § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c.    Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it placed repeated and continuous harassing telephone calls to Plaintiff and when it continued calling

5

Plaintiff's cellular phone after being told to stop and immediately calling her back after she hung up the telephone.

## COUNT II

29.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f of the FDCPA.

    a.   A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.   Here, Defendant violated § 1692f of the FDCPA when it failed to update its records to stop calls to Plaintiff's cellular telephone and argued with Plaintiff after she told them that she was not going to pay the alleged debt.

## COUNT III

30.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a) of the FDCPA.

    a.   A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty

6

days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Defendant violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising them of her rights to dispute the debt or request verification of the debt.

PLAINTIFF'S COMPLAINT

## DEFENDANT VIOLATED THE
## <u>TELEPHONE CONSUMER PROTECTION ACT</u>

## COUNT IV

31.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32.    Defendant placed multiple telephone calls to Plaintiff's cellular phone.

33.    Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

34.    Defendant's calls to Plaintiff were not made for emergency purposes.

35.    Defendant's calls to Plaintiff, in and after last June 2015, were not made with Plaintiff's prior express consent.

36.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages. .

8

WHEREFORE, Plaintiff, ROBERTA SERAFINE, respectfully prays for a judgment as follows:

a.  All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

d.  Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

e.  Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

f.  Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

3
PLEASE TAKE NOTICE that Plaintiff, ROBERTA SERAFINE, demands a

jury trial in this case.
4

5
RESPECTFULLY SUBMITTED,

6

7
Date: 10/30/2015                    By: _____

8
CRAIG THOR KIMMEL

9
Attorney ID No. 57100

Kimmel & Silverman, P.C.

10
30 E. Butler Pike

Ambler, PA 19002

11
Phone: (215) 540-8888

Fax: (877) 788-2864

12
Email:   kimmel@creditlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT